UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TONY E. BELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 24-0392 (UNA) |
| ) | |
| SCF INVESTMENT ADVISORS, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

This matter is before the Court on review of Tony E. Bell's application to proceed *in forma pauperis* (Dkt. #2), his emergency motion (Dkt. #4) and *pro se* complaint (Dkt. #1. The Court GRANTS the application, DENIES the motion as moot, and DISMISSES the complaint without prejudice.

Plaintiff, a resident of Sacramento, California, brings this action against two corporations, both conducting business in San Diego, California. *See* Compl. at 1-2. His claims appear to arise from a business relationship gone wrong, *see generally id.*, Ex. (ECF No. 1-1 at 1-3), and plaintiff demands compensatory and punitive damages, *see id.*, Ex. (ECF No. 1-1 at 3).

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available when a "federal question" is presented or when the parties are of diverse citizenship and the amount in controversy exceeds $75,000. "For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)). A party

seeking relief in the district court must at least plead facts that bring the suit within the Court's jurisdiction. *See* FED. R. CIV. P. 8(a).

This case does not present a federal question and plaintiff invokes diversity jurisdiction. *See* Compl. at 3. Because all the parties reside or conduct business in California, even though the amount in controversy exceeds the $75,000 threshold, plaintiff fails to demonstrate complete diversity between the parties. Therefore, the Court must dismiss the complaint for lack of subject matter jurisdiction.

A separate order will issue.

DATE: March 18, 2024                                      RANDOLPH D. MOSS
                                                          United States District Judge